# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANTINO CANELOS RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE and its components DRUG ENFORCEMENT ADMINISTRATION and FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendants. | Case No.:  14-CV-0958 W (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE APPLICATION TO FILE DOCUMENTS UNDER SEAL [DOC. 80]; AND**<br><br>**(2) STRIKING SEALED LODGED PROPOSED DOCUMENTS [DOC. 81]** |

Pending before the Court is Plaintiff's ex parte application to file documents under seal.[1] [Doc. 80.] Defendant opposes. (*See Def.'s Opp'n* [Doc. 83].) The Court decides the matter without oral argument pursuant to Civil Local Rule 7.1(d)(1).

//

//

---

[1] Though Plaintiff captioned the application as a motion to file documents under seal, the Court interprets it as an ex parte application. (*See February 25, 2016* [Doc. 82].)

**I.    LEGAL STANDARD**

Federal law creates a strong presumption in favor of public access to court records, but this right of access is not absolute. San Jose Mercury News, Inc. v. U.S. Dist. Court–N. Dist. (San Jose), 187 F.3d 1096, 1102 (9th Cir. 1999). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). District courts therefore have authority to seal and unseal court records, a power that derives from their inherent supervisory power. See Hagestad, 49 F.3d at 1434.

Whenever a district court is asked to seal court records in a civil case, the presumption in favor of access can be overcome by a showing of "sufficiently important countervailing interests." San Jose Mercury News, 187 F.3d at 1102. The factors relevant to determining whether this presumption has been overcome include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Hagestad, 49 F.3d at 1434 (quoting EEOC v. Erection Co., Inc., 900 F.2d 168, 170 (9th Cir. 1990). "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citing Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada, 798 F.2d 1289, 1295 (9th Cir. 1986)).

The common law right of access extends to pretrial documents produced in civil cases, including documents filed in connection with summary judgment motions. See San Jose Mercury News, 187 F.3d at 1102. Thus, unless the court issues an order to the contrary, the fruits of pretrial discovery are presumptively public. See id. at 1103. Even when a protective order purportedly requires sealing of court documents, the district court must still exercise rigorous scrutiny before it forecloses public access. Id. at 1103; see also Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 252 (4th Cir. 1988).

As a natural consequence of the public's right of access to records in civil cases, the presumption of public access cannot be overcome by a mere stipulation of the parties. As Judge Posner recognized, the district judge must scrutinize any request to seal court documents and "may not rubber stamp a stipulation to seal the record." Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999); accord City of Hartford v. Chase, 942 F.2d 130, 136 (1st Cir. 1991) ("[T]he trial court—not the parties themselves—should scrutinize every such agreement involving the sealing of court papers and what, if any, of them are to be sealed . . . .").

## II.  DISCUSSION

Plaintiff seeks to file the following documents under seal: (1) Plaintiff's motion for reconsideration or clarification; (2) the declaration of Constantino Canelos Rodriguez; (3) the declaration of Morgan Scudi; and (4) Defendants' opposition to the motion for reconsideration or clarification, to the extent that the opposition might "use the contents of any of the sealed documents[.]" (*See Pls.' Mot. to File Under Seal* [Doc. 80] ¶ 4.) Plaintiff provides no evidence in support of his motion. He offers only the following rationale:

> Plaintiff contends that these documents contain slanderous accusations pertaining to Plaintiff, which if disclosed to the public, will cause severe harm to his reputation and business . . . . In order to avoid dissemination of information that could irremediably harm Plaintiff, Plaintiff requests that the Court allow the filing of these documents under seal.

(*Id.* [Doc. 80] ¶¶ 2–3.) Plaintiff does not identify the "slanderous accusations" he cites. He has not filed redacted copies of the documents he seeks to file under seal.

In short, Plaintiff does not identify the factual basis for his motion to seal the documents in question. There are no compelling reasons evident to overcome the strong presumption of public access to records in civil proceedings. See Hagestad, 49 F.3d at 1434; San Jose Mercury News, 187 F.3d at 1102.

Accordingly, Plaintiff's motion to file documents under seal [Doc. 80] is **DENIED** without prejudice.

Given Plaintiff's contention that the sealed lodged proposed documents [Doc. 81] contain materials that should not be disclosed to the public, the lodged documents are **STRICKEN** from the docket.

If Plaintiff wishes to refile a motion for reconsideration, he must contact chambers to obtain a hearing date. See Civ. L.R. 7.1(b); Judge Whelan's Chambers Rules.

**IT IS SO ORDERED.**

Dated:  March 2, 2016

_____
Hon. Thomas J. Whelan
United States District Judge